IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

FILED
2024 NOV 14 PM 3:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA
BY___
- PAID
- N/S

| | |
|---|---|
| YANAN MA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) CALIFORNIA SERVICE CENTER, U.S. CUSTOMS AND BORDER PROTECTION, | ) 8:24-cv-02495 CBM (JDEx) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff, Yanan Ma, brings this action under the Administrative Procedure Act (APA), 5 U.S.C. § 701 - 706, seeking judicial review of the U.S. Citizenship and Immigration Services' (USCIS) decision to deny her extension of stay, despite approving the Form I-129 Petition.

2. Plaintiff also challenges U.S. Customs and Border Protection's (CBP) failure to respond to her FOIA request, under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

3. This complaint also challenges Customs and Border Protection's (CBP) arbitrary and unsubstantiated adverse information about the Plaintiff, which USCIS improperly relied upon in its decision.

4. Plaintiff contends that both USCIS's denial and CBP's adverse record-keeping lack sufficient basis, were arbitrary, capricious, an abuse of discretion, and contrary to law under the APA, depriving Plaintiff of procedural due process.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331, as this case involves a federal question arising under the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

6. Venue is proper under 28 U.S.C. § 1391(e) because the Defendants are agencies of the United States, and Plaintiff resides within the jurisdiction of this Court.

## III. PARTIES

7. Plaintiff, Yanan Ma, is an electronics engineer who worked for Pro-Lite, Inc (Costa Mesa, CA), engaged in LED displays and emergency notification systems.

8. Defendant, U.S. Citizenship and Immigration Services (USCIS), is an agency of the United States Department of Homeland Security responsible for overseeing immigration benefits, including H-1B petitions.

9. Defendant, Customs and Border Protection (CBP), is also an agency within the Department of Homeland Security responsible for border enforcement and security, and maintains records relevant to immigration petitions.

## IV. Statement of Facts

9. Plaintiff's employer, Pro-Lite Inc, initially filed Form I-129 with USCIS on behalf of the Plaintiff, seeking an extension of her H-1B status to allow her to continue her employment.

10. Plaintiff's petition included all requisite documentation, and USCIS had previously approved Plaintiff's H-1B status.

11. On November 20, 2023, USCIS issued a Request for Evidence (RFE) citing CBP records as an adverse factor, alleging that Plaintiff was the consignee of a 1.05kg Fentanyl shipment from Hong Kong.

12. On December 20, 2023, Plaintiff's immigration attorney Bert Nishimura responded with a letter addressing the RFE and disputing the allegations along with a signed statement of the Plaintiff, denying any involvement with the alleged shipment.

13. On April 2, 2024, USCIS issued a Notice of Intent to Deny (NOID) stating CBP records continued to show that the Plaintiff was the consignee of the seized shipment. USCIS requested additional evidence to refute these allegations.

14. On May 5, 2024, Plaintiff's attorney submitted a letter further disputing the Plaintiff's involvement and a printout from the PACER database confirming no federal court cases against the Plaintiff.

15. On May 20, 2024, USCIS issued a Decision letter denying Plaintiff's extension of stay.

16. On June 1, 2024, Plaintiff submitted a FOIA request to CBP, seeking all records related to support her case. However, CBP failed to respond within the statutory deadline of 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

17. On June 20, 2024, Plaintiff filed a Form I-290B, Notice of Appeal or Motion, requesting a motion to reopen the case. Plaintiff provided multiple documents in response, including a letter to USCIS (Exhibit A), 21 letters of character references, certificate of religious belief, registration as a stem cell donor for National Marrow Donor Program, 2 certified mail sent to CBP office in Los Angeles and Long Beach inquiring about the alleged shipment, printouts of emails from Katrina Mañalac, the Director of Constituent Services for Congresswoman Katie Porter and the constituent Service Team for the office of U.S. Senator Laphonza Butler, and Freedom of Information Act (FOIA) requests to CBP to clarify the allegations.

18. Plaintiff received no substantiated response from CBP to the FOIA request or congressional inquiries seeking clarification.

19. On August 8, 2024, USCIS reopened the case.

20. Despite the lack of confirmed evidence from CBP and all other documents submitted, USCIS issued a denial again on September 5, 2024, citing the CBP record as the primary adverse factor against the extension. (Exhibit B)

### V. Cause of Action

**Count I: Violation of the Administrative Procedure Act by USCIS (Arbitrary and Capricious Decision)**

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs.
22. USCIS's reliance on unsubstantiated and unverified CBP allegations was arbitrary, capricious, and contrary to law under the APA, 5 U.S.C. § 706(2)(A).

23. USCIS failed to consider relevant, positive factors supporting the Plaintiff's extension, including employment records, character references, religious belief, and charity records, demonstrating abuse of discretion.

24. The APA requires agencies to provide a clear and rational connection between the facts found and the decision made, as established in *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983).

25. USCIS failed to provide a rational basis for why it relied on CBP's unsubstantiated allegations despite the significant positive evidence Plaintiff submitted.

26. USCIS's decision lacks sufficient explanation as to why these positive factors were insufficient to warrant approval of the extension, failing to meet the APA's requirement for reasoned decision-making.

27. This lack of a rational connection renders USCIS's decision arbitrary, capricious, and unlawful under 5 U.S.C. § 706(2)(A).

28. USCIS's policy memorandum, "Rescission of Guidance Regarding Deference to Prior Determinations of Eligibility in the Adjudication of Petitions for Extension of Nonimmigrant Status" (PM-602-0151), generally supports deferring to prior approvals in the absence of significant adverse changes in the Plaintiff's circumstances.

29. USCIS previously approved Plaintiff's H-1B petitions without adverse findings. USCIS's denial of the current extension request contradicts this prior determination, despite no significant changes in the Plaintiff's circumstances or eligibility.

5

30. In *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court emphasized that agencies must adhere to their policies and cannot arbitrarily deviate from prior decisions without a valid rationale. USCIS's failure to provide a reasonable explanation for departing from its prior approvals of the Plaintiff's H-1B status violates this principle.

31. USCIS's deviation from its deference policy, without substantial justification, is arbitrary, capricious, and contrary to law under the APA.

## Count II: Violation of the Administrative Procedure Act by CBP (Arbitrary and Capricious Record-Keeping)

32. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

33. CBP's failure to produce verifiable records, respond to FOIA requests adequately, or provide supporting evidence for the alleged Fentanyl shipment is arbitrary and capricious, violating APA standards under 5 U.S.C. § 706(2)(A).

34. CBP's unsubstantiated record-keeping misled USCIS into improperly denying the Plaintiff's petition and deprived the Plaintiff of a fair evaluation process.

## Count III: Procedural Due Process Violation

35. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

36. Both USCIS and CBP failed to provide Plaintiff an adequate opportunity to respond to adverse information, violating the Plaintiff's due process rights under the Fifth Amendment.

37. The denial based on uncorroborated CBP allegations, without proper substantiation or transparency, denied the Plaintiff a fair process.

## Count IV: Violation of FOIA by CBP (Failure to Respond Within Statutory Deadlines)

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs.
39. Plaintiff filed a Freedom of Information Act (FOIA) request with CBP on June 1, 2024, seeking all records related to the alleged shipment that CBP cited in its report to USCIS.
40. Under FOIA, CBP was required to respond to Plaintiff's request within 20 business days, as outlined in 5 U.S.C. § 552(a)(6)(A)(i), or within 30 business days if unusual circumstances applied and were communicated to Plaintiff.
41. CBP failed to provide any response to Plaintiff's FOIA request within the statutory deadline, nor did it invoke an extension or provide any explanation for the delay.
42. CBP's failure to comply with FOIA's statutory deadline constitutes a violation of 5 U.S.C. § 552(a)(6) and has constructively exhausted Plaintiff's administrative remedies, entitling Plaintiff to seek judicial relief.
43. As a result of CBP's violation, Plaintiff has suffered damage in the form of procedural delays, lack of access to crucial information, and undue impact on Plaintiff's immigration case.

## VI. Prayer for Relief

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

A. Declare that USCIS's denial of Plaintiff's extension of stay was arbitrary, capricious, and unlawful under the Administrative Procedure Act, 5 U.S.C. § 706(2), as it relied on unsubstantiated and erroneous information from CBP.

B. Declare that CBP's failure to provide verifiable evidence linking the Plaintiff to the alleged shipment, or to clarify the absence of such evidence, was arbitrary, capricious, and unlawful under the APA.

C. Exonerate the Plaintiff by formally declaring that there is no credible or substantiated evidence linking the Plaintiff to the alleged Fentanyl shipment seized by CBP on August 30, 2022, and that any references to the Plaintiff as a consignee are unproven and erroneous.

D. Vacate USCIS's denial and remand the case to USCIS with instructions to reconsider the Plaintiff's extension of stay without reliance on unsubstantiated adverse information from CBP.

E. Declare CBP in violation of FOIA and order CBP to produce all relevant records responsive to Plaintiff's FOIA request, or, if no records substantively link the Plaintiff to the seized shipment, confirm the absence of such records and issue a correction to USCIS.

F. Grant any other relief that the Court deems just and proper to ensure a fair and lawful review of the Plaintiff's petition.

Dated: November 14, 2024

Respectfully Submitted,

*Yanan Ma*  11/14/2024
YANAN MA
Address: 5521 E Crest De Ville Ave, Orange, CA 92867
Cell Phone: (808)989-6669
Email: yananma0304@gmail.com
Plaintiff (Pro Se)

8

# EXHIBIT A

**Pro-Lite®**
INFORMATION DISPLAY TECHNOLOGY

Pro-Lite, Inc.
3505D Cadillac Ave.
Costa Mesa, CA 92626
Email: ak@pro-lite.com
Cell: 714.856.7001
Direct: 714.668.9898

Date: June 19, 2024

U.S. Citizenship and Immigration Services

**Re: Motion to Reopen**
**Receipt Number: IOE8493658408**

Dear Sir/Madam,

I am writing to file a motion to reopen the case for Yanan Ma, case number IOE8493658408, which was denied on May 20, 2024. As the petitioner, I respectfully request that USCIS reopen this case based on the new evidence and circumstances outlined below.

a. **CBP does not have a case against Yanan Ma** - I have contacted CBP Washington, Los Angeles, Long Beach and LAX. I also sent two letters, one to CBP Los Angeles and CBP Long Beach in order to find out about this drug case against Ms. Yanan Ma. Letters and proof of delivery are included as Exhibit A. No one at CBP knows of any case against Ms. Yanan Ma. Everyone asked me "What is the case number?", which we don't have. No one at the CBP has any idea of this allegation against Ms. Ma. On May 14, 2024, Officer Ta at Long Beach CBP called and ask me if I had a case number again. Finally, he asked me to find out from USCIS how and where USCIS received the information about Ms. Ma from so they could further their investigation. Officer Ta's number is 562.366.2000. (Exhibit A). (Note: The caller ID was Ronald Knox but the office that it reaches is CBP Long Beach)
b. **Congresswoman Katie Porter** - Congresswoman Porter's office informed me on May 15, 2024, that they have requested about the package from CBP and would notify me when they receive anything from CBP. Until today, they have not received anything from CBP yet. Email attached as Exhibit B.
c. **Senator Butler** - Senator Butler's office has requested information from DHS on our behalf. According to an email from Senator Butler on June 5, 2024, DHS can take 4~6 weeks to get back to her. Email attached as Exhibit C.
d. **FOIA Request** - Yanan Ma has filed a FOIA (Freedom of Information Act) request with CBP on June 1, 2024, through SecureRelease Portal (case number: CBP-FO-2024-117734). However, until today, they have not replied. Request details attached as Exhibit D.
e. **DHS Investigation** - Ms. Ma received a voice mail on June 12, 2024, from an Officer named Sean/Shawn Nelson, who claimed to be a Special Agent with the Department of Homeland Security, Homeland Security Investigations (Exhibit E1 – USB Drive). Mr. Nelson requested a personal meeting with Ms. Ma. At first, we were excited that someone from DHS finally reached



out to her. However, after a search on the internet, Ms. Ma found out that there was an ex-DHS investigator named Sean Nelson who was convicted of Theft from DHS and was barred from possessing or using a firearm (Exhibit E2). To verify if there was another person with the same name, we called DHS at 202.282.8000 the same day. To our surprise, operator #46 told us that DHS would not call her, they would send a letter to her. We became unsure of the identity of this Mr. Nelson and were afraid to return his call. On June 13, 2024, we searched again, we found another officer by the name Shawn Nelson. We thought maybe that was the Nelson who called on June 12, 2024. We called the phone number 714.614.0680 that Mr. Nelson left in Ms. Ma's voice mail, but Mr. Nelson did not return our call. We called the same number repeatedly, but never received a call back. All Phone records attached as Exhibit E3. The reason that we had to be cautious in returning calls is because we heard stories about CBP officers and UPS drivers also involved in drug trafficking. (Exhibit E4 https://www.justice.gov/usao-sdtx/pr/ups-employee-heads-prison-concealing-cocaine-packages) According to Former head of CBP internal affairs unit James Tomsheck, estimated that between 5 and 10 percent of CBP workforce might have been involved in some form of corrupt activity at some point and many of them are drug related (Exhibit E5 https://www.davisvanguard.org/2023/07/guest-commentary-the-drug-traffickers-you-dont-hear-about-us-border-patrol/). From 2005 to 2012, there were 152 cases of corruption involving CBP officers, with 125 directly tied to drug trafficking, bribery, or human smuggling. These cases demonstrate a significant problem with some officers engaging in drug trafficking and related activities (Exhibit E6 https://insightcrime.org/news/brief/drug-trafficking-sentence-underlines-us-border-corruption/). In another news, many drug traffickers are using other people's home addresses to receive drugs. Traffickers send packages containing drugs to addresses of unsuspecting individuals. They would track the delivery and attempt to retrieve the package before the recipient notices it. In some cases, they may wait for the delivery and intercept it or have someone pose as the intended recipient (Exhibit E7 https://www.wfmynews2.com/article/news/crime/latest-crime-trend-shipping-drugs-to-unsuspecting-homes/83-223662939). These cases indicated to me that Ms. Ma might have been a victim instead of a criminal. For this, we feel that we must help Ms. Ma to earn a chance to fight and prove her innocence and exonerate herself from this groundless allegation.

f. **Religious Belief** – On May 12, 2019, Yanan Ma was baptized in Hsi Lai Temple in Hacienda Heights, CA and became a devoted Buddhist since then. All Buddhists must vow in front of Buddha and fellow worshipers, and must abide by the Five Precepts, one of which is "No intoxicants to oneself or others". Certification attached as Exhibit F. As a Buddhist, she strongly believes in the Karma, The Cause and Effect of the Law of Nature. Every negative thought or action towards others will eventually return to herself.

g. **Charity Records** – On March 20, 2022, Yanan Ma became a registered stem cell donor in an organization called National Marrow Donor Program/Be The Match using the same address 5521 E Crest De Ville Ave, Orange, CA 92867. She has been a committed stem cell donor since then. They collected her DNA by sending her a swab kit, detailed registry process and profile attached as Exhibit G.

h. **Reference Letters** - Last but not least, all of us, her next-door neighbor, friends, co-workers, and fellow Buddhists, collectively we strongly felt that she must have been wrongfully or mistakenly accused. We do not believe that she would have anything to do with any kind of drugs.



Collectively, we are willing to help her in any way to clear up this case of mistaken identity and legally exonerate her from this erroneous allegation. Ms. Ma is just trying to be a good employee and helps to engineer new products in our company. This kind of unfounded and unsubstantiated accusation is so damaging to anyone, not to mention to a person who has been very caring and loving. I surely do not want to be wrongfully accused of drug trafficking and neither do you. Ms. Ma's life has been turned upside down since this groundless allegation. It has been a dreadful and devastating few weeks for her. I, on behalf of our company Pro-Lite, her friends, her coworkers and her Buddhist friends, and her neighbor hereby sincerely request for the motion to reopen and give her adequate time to investigate into CBP and this allegation. Attached are 21 reference letters and signatures we collected from our temple as Exhibit H.

I have attached all relevant documents that support this motion. Please consider the enclosed evidence as part of my motion to reopen. Thank you very much for your attention to this matter.

Sincerely,

Andy Kaoh
President
Pro-Lite, Inc.
714.856.7001

# EXHIBIT B



September 4, 2024

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
2642 Michelle Drive
Tustin, CA 92780

 **U.S. Citizenship and Immigration Services**

PRO LITE INC
c/o BERT S NISHIMURA
ENG AND NISHIMURA
1055 W 7TH ST STE 1780
LOS ANGELES, CA 90017-2536



IOE8493658408

Form I-129,
Petition for a Nonimmigrant Worker

## PREMIUM PROCESSING

## DECISION

On July 6, 2023, your organization, Pro Lite, filed a Form I-129, Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify MA, Yanan (beneficiary) as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA). The petition was filed with a concurrent request for an extension of the beneficiary's stay.

You stated on the petition that you are a design, development, import and distribution business with 9 employees. You seek to employ the beneficiary as an Electronics Engineer.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966).

USCIS reviewed the initial record of evidence for eligibility in accordance with the INA; Title 8, Code of Federal Regulations (8 CFR); and any other applicable statutes and regulations, and could not determine whether you had established eligibility for the benefit sought. Accordingly, on November 20, 2023, USCIS issued to you a Request for Evidence (RFE). On February 15, 2024, USCIS received your response. Furthermore, on April 2, 2024, USCIS issued you a Notice of Intent to Deny (NOID). On May 5, 2024, USCIS received your response. On May 20, 2024, USCIS issued you a Denial on your request to extend the beneficiary's stay. On June 21, 2024, you filed a Form I-290B Notice of Appeal or Motion, requesting a motion to reopen. USCIS reopened the petition on August 8, 2024, and vacated the previous decision.

In accordance with *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010), USCIS has examined the evidence of record for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, and determined that you have not established eligibility for the requested extension of the beneficiary's stay by a preponderance of the evidence. A detailed discussion of the grounds for denial of the status request and the related evidence follows.

**Prior Approval**

USCIS acknowledges that you are requesting to extend your petition approval. When adjudicating a subsequent petition or application involving the same parties and the same underlying facts, where appropriate, USCIS will generally defer to its prior determination of eligibility for the particular nonimmigrant classification sought.

However, each petition filing is a separate proceeding with a separate record. Despite any previously approved petitions, the petitioner bears the burden to establish eligibility for each petition that it submits, and an immigration benefit cannot be granted when the petitioner fails to meet its burden of proof for the petition it files, including an extension petition. *See* INA § 291. USCIS is not required to approve petitions where eligibility has not been demonstrated, merely because of prior approvals which may have been erroneous. *Matter of Church Scientology International*, 19 I&N Dec. 593, 597 (Comm'r 1988).

USCIS will not defer to prior approvals where:

1. There was a material error with regard to the previous approval(s);

2. There has been a material change in circumstances or eligibility requirements; or

3. There is new material information that adversely impacts the petitioner's, beneficiary's, or applicant's eligibility.

As noted previously, there is a new material information that adversely impacts the beneficiary's eligibility for the benefit sought in this petition. Therefore, USCIS will not defer to its prior approval in adjudicating this petition.

USCIS has determined that you have established eligibility for the beneficiary's continued classification as an H-1B nonimmigrant worker. However, as discussed below, USCIS has determined that the beneficiary does not merit a favorable exercise of discretion as it pertains to the extension of stay request.

## USCIS Discretion

The issue to be discussed is whether the beneficiary merits a favorable exercise of discretion to extend her stay.

8 CFR § 214.1(c)(5) states:

> Decision on application for extension or change of status. Where an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of USCIS. The denial of an application for extension of stay may not be appealed.

Establishing eligibility is not the only factor considered in an extension of stay proceeding. Adverse factors may preclude a favorable exercise of discretion by USCIS in an extension of stay proceeding. You must demonstrate the beneficiary's eligibility for extension of stay as a matter of law and USCIS must determine, in its discretion, that the beneficiary merits a favorable exercise of discretion.

USCIS informed you through an RFE that the beneficiary was the consignee of a shipment from Hong Kong that contained 1.05 kilograms of Fentanyl, which was seized by the U.S. Customs and Border Protection (CBP) on August 30, 2022, and requested that you provide additional evidence regarding the beneficiary's admissibility.



You responded by providing the following documents:

- Letter dated December 20, 2023, from your attorney;
- Signed statement dated December 12, 2023, from the beneficiary;
- White House Fact Sheet: Biden Harris Administration Continues Progress on Fight Against Global Illicit Drug Trafficking, dated November 16, 2023; and
- Federal Trafficking Penalties chart for selected controlled substances, from Drugs of Abuse: A DEA Resource Guide, 2020 Edition.

Subsequently, USCIS informed you through a NOID that law enforcement records showed that the Fentanyl shipment that was seized by CBP on August 30, 2022, was addressed to the beneficiary at 5521 E Crest De Ville Ave in Orange, California 92867.

In response, you submitted the following documents:

- Letter dated May 6, 2024, from your attorney;
- Printout from the PACER (Public Access to Court Electronics Records) database showing search results on behalf of the beneficiary's name; and
- Article titled "Facts about Fentanyl."

After review, USCIS determined the evidence in the record did not sufficiently satisfy eligibility for the benefit sought and issued a Denial on your request to extend the beneficiary's stay.

In response, you filed a Form I-290B, Notice of Appeal or Motion, requesting a motion to reopen and submitted the following documents:

- Letter of support dated June 19, 2024, by your President, Andy Kaoh;
- Letter dated April 28, 2024, by Andy Kaoh to CBP's Field Director at the Los Angeles Penalties & Forfeiture Office;
- Response dated May 6, 2024, by the United States Postal Service (USPS) to the beneficiary, regarding requested proof of delivery for item with tracking number EI96 7497 136U S;
- Letter dated April 28, 2024, by Andy Kaoh to CBP's Field Director at the Los Angeles International Operations;
- Response dated April 30, 2024, by USPS to the beneficiary, regarding requested proof of delivery for item with tracking number EI96 7497 140U S;
- Screenshot from a phone showing what appears to be an incoming call lasting 13 minutes on May 14, 2024, from phone number 1-562-366-2000, which appears to have been saved as a contact for "Ronald Knox Officer Ta" from "CBP Long Beach";
- Printout of email dated May 15, 2024, from Katrina Mañalac, the Director of Constituent Services for Congresswoman Katie Porter, to the beneficiary;
- Printout of email dated June 5, 2024, from the Constituent Service Team for the Office of U.S. Senator Laphonza Butler to Andy Kaoh;

- Printout of a digital Freedom of Information Act (FOIA) request submitted by the beneficiary to CBP on June 1, 2024;

- Press release dated January 24, 2023, from the United States Attorney's Office, District of Arizona, titled, "Former Homeland Security Investigations Agent Sentenced for Theft from Agency";

- Screenshots from phone that appear to show a missed call from an unknown number (No Caller ID) on June 12, 2024, and an outgoing call lasting 29 minutes to phone number 202-292-8000 in Washington, D.C. on June 12, 2024;

- Screenshots from phone that appear to show four outgoing calls to phone number 714-614-0680 in Westminster, CA on June 13, 2024, and June 14, 2024;

- Press release dated March 1, 2024, from the U.S. Attorney's Office, District of Rhode Island, titled, "Twice Convicted Drug Trafficker Detained in Third Drug Trafficking Investigation";

- Press release dated March 27, 2024, from the U.S. Attorney's Office, Southern District of Texas, titled, "UPS Employee heads to prison for concealing cocaine in packages";

- Commentary published in the Davis Vanguard titled, "The Drug Traffickers You Don't Hear About… US Border Patrol";

- Article dated November 6, 2013, from InSight Crime titled, "Drug Trafficking Conviction Underlines US Border Corruption";

- Article from wfmynews2.com dated August 1, 2015, titled, "Latest Crime Trend: Shipping Drugs to Unsuspecting Homes";

- Documents regarding the beneficiary's religious belief and registry into the Fo Guang Shan Buddhist Order;

- Beneficiary's member card for NMDP, formerly known as the National Marrow Donor Program;

- Letter titled "Petition For Reconsideration of Ms. Yanan Ma's H1B Extension," signed by various individuals;

- Character reference letter dated June 7, 2024, by Angie and Efrain Irizarry;

- Character reference letter dated June 19, 2024, by Andy Kaoh;

- Character reference letter by Jonathan Kaoh, your VP Sales of Operations;

- Character reference letter dated June 12, 204, by Natalie Burton, your Administrative Assistant;

- Character reference letter dated June 7, 2024, by Teresa Lai, your HR Manager;

- Character reference letter by Reverend Ray S. Fukumoto;

- Character reference letter dated June 12, 2024, by Derek Hsieh, Mental Health Clinical Program Head of the Long Beach Asian Pacific Islander Family Mental Health Center;

- Character reference letter dated June 16, 2024, by Dr. Tsaepyng Janice Shen;

- Character reference letter by Shih-Chung Soon, Ph. D.;



- Character reference letter by John Lin;
- Character reference letter dated June 15, 2024, by Peter Lee, President of International Network of Love-in-Action;
- Character reference letter by Lusha Lee, Senior Commissioner of the Buddhist Tzu Chi Foundation;
- Character reference letter dated June 10, 2024, by Jesse Lu;
- Character reference letter dated June 10, 2024, by Ed Gerber;
- Character reference letter by Alex Wang;
- Character reference letter dated June 14, 2024, by Yitao Jiang;
- Character reference letter dated June 8, 2024, by Shujuan Zhao;
- Character reference letter dated June 8, 2024, by Wanyan Ye;
- Character reference letter dated June 9, 2024, by Jun Hu;
- Character reference letter by Mary Su;
- Character reference letter dated June 5, 2024, by Peiling Zheng;
- Letter dated June 24, 2024, by USCIS to you regarding the return of USB drives.

Based on the totality of the circumstances, USCIS has determined that the beneficiary does not merit a favorable exercise of discretion in considering the requested extension of stay.

In weighing the positive factors that warrant a favorable exercise of discretion, USCIS considered that:

- The beneficiary has generally engaged in approved H-1B employment;
- The beneficiary is a valued employee of your organization; and
- The beneficiary's good standing and participation in her community.

The adverse factor is: The facts remain the same, in that the beneficiary was the consignee of a shipment from Hong Kong that contained 1.05 kg of Fentanyl, which was addressed to the beneficiary at 5521 E Crest De Ville Ave in Orange, California 92867, and was seized by CBP on August 30, 2022. Although your Form I-129 lists the beneficiary's home address as 5521 Crest De Ville Ave, Orange, CA 92867, it is noted that Google Maps does not indicate there is such an exact address in Orange, CA, and instead, there is only a street called E Crest De Ville Avenue in Orange, CA, and therefore, it appears that the two addresses are actually the same, and you did not dispute this in your motion to reopen. The beneficiary's NMDP member card also lists her address as 5521 E Crest De Ville Ave, Orange, California 92867.

Your President, Andy Kaoh, stated in your letter dated June 19, 2024, that "CBP does not have a case against Yanan Ma." Andy Kaoh stated that he contacted CBP in Washington, Long Beach, Los Angeles and LAX, and sent two letters to CBP in Long Beach and in Los Angeles and stated that "[n]o one at CBP knows of any case against" the beneficiary and "[e]veryone asked" for a case number. However, just because certain CBP employees do not have knowledge, or do not otherwise provide information to Andy Koah, about this matter does not invalidate the fact that the beneficiary was the

consignee of a shipment from Hong Kong containing 1.05 kg of Fentanyl.

Your President also claimed that on May 14, 2024, an Officer by the name of Ta called him from the CBP office in Long Beach (phone number 562-366-2000), asking again for the case number and then referred him back to USCIS for further information. You also provided emails to Andy Kaoh and the beneficiary from the offices of Congresswoman Katie Porter and U.S. Senator Laphonza Butler, acknowledging that they have forwarded your inquiries to CBP and/or Department of Homeland Security. This evidence is insufficient however, because it does not provide corroborative evidence to substantiate the claims made by your President, nor does the evidence demonstrate that the beneficiary has been mistakenly identified or that the beneficiary was not a consignee of a shipment from Hong Kong containing 1.05 kg of Fentanyl.

Your President further stated that the beneficiary received a voicemail on June 12, 2024, from a DHS Homeland Security Investigations Officer by the name of Shawn/Sean Nelson who wanted to meet with the beneficiary, and stated that an internet search on the Officer's name pulled up information that showed an ex-DHS investigator who was convicted of theft and barred from owning a firearm, and when Andy Koah and/or the beneficiary called DHS at 202-282-8000, that Operator #46 informed you that the beneficiary wouldn't receive a call from DHS but would be receiving a letter. Your President then stated he and/or the beneficiary found out there was another Officer by the same name and proceeded to call Officer Nelson back at 714-614-0680, but never received a return call. This evidence again, does not substantiate the claims made in your letter, nor does it show that the beneficiary is a subject of mistaken identity or that she was not a consignee of a shipment from Hong Kong containing 1.05 kg of Fentanyl. The evidence only indicates someone who identified himself as an investigator from DHS tried to contact the beneficiary, and you and the beneficiary avoided his call based on an internet search of the Officer's name.

You submitted various "stories about CBP officers and UPS drivers ... [being] involved in drug trafficking," "cases of corruption involving CBP officers," and articles of "drug traffickers ... using other people's home addresses to receive drugs" to suggest that the beneficiary "might have been a victim instead of a criminal." However, mere assertions without documentary support do not constitute evidence, and these unrelated articles do not have any bearing on law enforcement records showing that the beneficiary was the consignee of a shipment from Hong Kong that contained 1.05 kg of Fentanyl.

You also submitted a digital FOIA request that the beneficiary made to CBP on June 1, 2024. In her FOIA request, the beneficiary requested all records pertaining "to a shipment of herbal dietary supplements from China that may contain components of controlled substances." However, as USCIS previously informed you in the RFE and NOID, the seized shipment came from Hong Kong and there was no mention that the package pertained to "herbal dietary supplements." It is not apparent how CBP's response to the beneficiary's limited FOIA request for records pertaining "to a shipment of herbal dietary supplements from China" would address the issue that the beneficiary was a consignee of a Fentanyl shipment from Hong Kong that was seized by CBP on August 30, 2022.

Moreover, you provided evidence of the beneficiary's registration in the Buddhist religion and participation in the Universal Buddhist Education Foundation (UBEF), plus her charity record as a stem cell donor. You also provided several character references on behalf of the beneficiary from the beneficiary's neighbors, friends, co-workers, and other community members, all attesting to the beneficiary's character. While the character references, along with other evidence in the record, were weighed and given their probative value, they do not change the fact that the beneficiary was the consignee of a shipment from Hong Kong containing 1.05 kg of Fentanyl, which was addressed to the beneficiary at her home at 5521 E Crest De Ville Ave in Orange, California 92867. The nature and



severity of the adverse factor does not warrant an approval of your request to extend the beneficiary's stay. Therefore, even if you demonstrate that the beneficiary is otherwise eligible, the record does not sufficiently support a finding that a favorable exercise of discretion is warranted.

Considering the serious nature of the adverse factor, it outweighs the positive factors in this proceeding. Therefore, the record does not sufficiently establish that the beneficiary merits a favorable exercise of discretion for USCIS to grant the requested extension of stay.

### Conclusion

Therefore, the request for an extension of the beneficiary's stay is denied.

The appropriate U.S. consular post, port-of-entry, or pre-flight inspection facility has been notified of the approval of the classification portion of the petition.

This decision may leave the beneficiary without lawful immigration status. If the beneficiary is present in the United States in violation of the law, they are required to depart immediately. Remaining in the United States without a lawful status after the date of this decision may result in the accrual of unlawful presence under section 212(a)(9)(B) of the INA and may adversely affect the beneficiary's ability to return to the United States lawfully in the future.

If the beneficiary has any questions concerning immigration services and benefits, they may telephone 1-800-375-5283 or for TTY 1-800-767-1833.

This decision may not be appealed. If you disagree with this decision, you may file a motion to reopen or reconsider with a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if this decision was mailed) of the date of this decision.

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.