**DECLARATION OF DEAN P. DE LAS ALAS**

I, Dean P. De Las Alas, do hereby declare and state as follows:

1. I am an attorney with the United States Department of Justice, Civil Division, Office of Immigration Litigation, General Litigation and Appeals Section, and I am an attorney representing the Defendants in this action. I have reviewed the correspondence between former Defendants' counsel Ms. Marie H. Feyche and Defendants, Ms. Feyche's correspondence with Plaintiff, and Ms. Feyche's declarations. I make this declaration in support of the government's *ex parte* application for a 14-day extension of the stay in *Yanan Ma v. USCIS, et al.*, 8:24-cv-02495-CBM-JDE.

2. Yanan Ma ("Plaintiff") filed this action on November 14, 2024, challenging the denial of Plaintiff's employer's Form I-129, extension of stay. ECF No. 1.

3. On December 9, 2024, Plaintiff served Defendants. ECF No. 14. Defendants' response to Plaintiff's Complaint is due on February 7, 2025. *Id.*

4. On December 9, 2024, U.S. Citizenship and Immigration Services ("USCIS") reopened this case and issued a Request for Further Evidence ("RFE") to the Form I-129 H-1B petitioner of record, Pro Lite, Inc. ("Petitioner"). Petitioner had 87 days to respond to the RFE, and Defendants requested the 120-day stay to allow time for the petitioner to respond to the RFE and for USCIS to adjudicate after receiving the response. ECF No. 16. The Court granted the stay, extending Defendants' deadline to respond to Plaintiffs' complaint to June 9, 2025. ECF No. 17.

5. On May 21, 2025, USCIS informed Ms. Feyche that USCIS would be issuing a second RFE to Petitioner informing Petitioner that Plaintiff has been requested to appear at a designated ASC location for biometrics collection. ECF No. 18 at 4. Once the ASC appointment notice and RFE are sent, Petitioner would have 87 days to respond to the RFE. *See id.* Due to the biometrics RFE, USCIS could not issue a final decision at that time. *Id.*

6. Consequently, on June 9, 2025, Defendants filed a second *ex parte* application for a stay to extend the stay for an additional 90 days. *See id.* at 1. The Court

1

1. granted that extension. ECF No. 19. Defendants' response to Plaintiffs' Complaint is currently due on September 8, 2025.

7. On June 11, 2025, USCIS issued an RFE to Petitioner informing Petitioner that USCIS required Plaintiff's biometrics collection. Petitioner has 87 days to respond to the RFE, meaning that Petitioner's response to the RFE is due on September 8, 2025.

8. On August 15, 2025, Plaintiff informed Ms. Feyche via electronic mail that Plaintiff had attended her biometrics appointment. On September 4, 2025, Plaintiff represented to undersigned counsel via electronic mail that Petitioner mailed its response to the RFE, with Plaintiff anticipating that USCIS should receive the response on or about September 5, 2025.

9. Petitioner has until September 8, 2025, to respond to the RFE. After Petitioner responds to the RFE, USCIS will need additional time to assess the response. USCIS estimates that it will need approximately 14 days to assess the response after receiving the response from Petitioner.

10. Defendants seek a 14-day extension of stay of this litigation to allow time for the petitioner to respond to the RFE and for USCIS to adjudicate after receiving the response. A 14-day stay would conserve the Parties' and the Court's resources by avoiding potentially unnecessary briefing and oral argument.

11. This request for extension of time is made in good faith and is not intended to interpose unnecessary delay in this action. It is not anticipated nor is it intended, that the requested extension will prejudice the Plaintiff in any way. It is also not intended to waive any defenses available to the Defendants, including lack of subject matter jurisdiction, failure to state a claim or insufficient or improper service of process.

12. This is Defendants' third request to stay the proceedings. Accordingly, it is respectfully requested that this Court grant the third *ex parte* application and stay the case for an additional 14 days so that the stay be extended to September 22, 2025.

13. Pursuant to L.R. 7-3, counsel for Defendants reached out to Plaintiff via electronic mail on August 28, 2025, and conferred with Plaintiff about the contents of this

*ex parte* application. That same day Plaintiff responded to undersigned counsel by electronic mail that she does not oppose Defendants' application. On September 4, 2025, Plaintiff informed undersigned counsel by electronic mail that she consented to having a copy of this application, the attached memorandum of points and authorities, the declaration, and proposed order mailed to her.

14. Undersigned counsel has directed that a copy of this third *ex parte* application, the attached memorandum of points and authorities, the declaration, and the proposed order be mailed to Plaintiff.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2025, at Washington, D.C.

/s/*Dean P. De Las Alas*
Dean P. De Las Alas